## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 14-06981 WDK-PLA | Date | July 16, 2015 |
|---|---|---|---|
| Title | J & J SPORTS PRODUCTIONS, INC. V. MINA LIM, ET AL. | | |

| Present: The Honorable | WILLIAM D. KELLER | |
|---|---|---|
| LINDA KANTER | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     **(In Chambers:) DEFENDANTS' MOTION TO DISMISS [8]**


## I.      INTRODUCTION AND BACKGROUND

On September 5, 2014, plaintiff J & J Sports Productions, Inc. filed suit against defendants Mina Lim, individually and d/b/a Casa De Don Pedro and JJ Grand Vision Corporation, an unknown business entity d/b/a Casa De Don Pedro (hereinafter "defendants"), alleging violations of 47 U.S.C. §§ 605 and 553, conversion, and violation of California Business and Professions Code § 17200, *et seq.* Before the Court is the defendants' motion to dismiss plaintiff's complaint which alleges: 1) defective service of process of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5), 2) failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) as to all defendants, and 3) failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) as to defendant Mina Lim in her individual capacity. The Court has considered the papers filed in support of and in opposition to the motion, and deems this matter appropriate for resolution without oral argument. *See* L.R. 7-15.

## II.     ADEQUACY OF SERVICE UNDER RULE 12(b)(5)

### A.      LEGAL STANDARD

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal or to quash a summons due to insufficient service of process. "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly [with the summons and complaint] under Fed.R.Civ.P. 4 . . . . [W]ithout substantial compliance with Rule 4, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies*, 840 F.2d 685, 688 (9th Cir. 1988) (internal quotations omitted). Once service of process is challenged, the "plaintiff[] bear[s] the burden of establishing that service was valid." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If the plaintiff is unable to satisfy its burden of demonstrating effective service, the Court has discretion to either dismiss or retain the action. *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).

### B.      DISCUSSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-06981 WDK-PLA | Date | July 16, 2015 |
|---|---|---|---|
| Title | J & J SPORTS PRODUCTIONS, INC. V. MINA LIM, ET AL. | | |

The defendants argue that the plaintiff's complaint should be dismissed for defective service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). Defendants state that, according to the California secretary of state website, defendant JJ Grand Vision Corporation has an agent of service of process at 3435 Wilshire Boulevard. Mot. at 2; 3. Defendants further state that, with regards to the individual defendant Mina Lim, "the proof of service indicates a sub service on an individual by the name of Phong." *Id.* The defendants claim that "[t]hey do not have any one by that name working at those hours of the day in their restaurant" and that the "store hours are from 6:00 p.m. to 2:00 a.m." *Id.*; *See* Mina Lim Decl. ¶¶ 4; 5.

Plaintiff responds that Federal Rule of Civil Procedure 4(e)(1) implicates California law which allows for substitute service at a usual place of business by serving "a person apparently in charge." (Opp'n at 4 quoting C.C.P. § 415.20(b.).) Plaintiff states that pursuant to the sworn proof of service, defendant Lim was served on October 28, 2014 via substitute service. Opp'n at 5 citing *Proof of Service - Lim* (Dkt. No. 7). Plaintiff contends that, "[t]he only evidence Defendants presents to overcome the sworn proof of service is Defendant Lim's own self-serving declaration." *Id.* Plaintiff states that, pursuant to the declaration of diligence, plaintiff attempted to serve defendant Lim on three prior occasions which is sufficient to warrant substitute service. *Id.* at 6 citing *Proof of Service - Lim*.

Plaintiff further responds that, with respect to a corporation, the Federal Rules of Civil Procedure and California Rules "provide several methods for serving a corporation." *Id.* at 8-9, citing Fed.R.Civ.P. (4)(h). Here, plaintiff states that it "effectuated substitute service on the corporation" and satisfied the general requirements for said service including attempting service on three prior occasions. Opp'n at 9 citing C.C.P. § 415.20(a); *Proof of Service - Corporation* (Dkt No. 6).

Under the Federal Rules of Civil Procedure, "service upon an individual may be made by 'delivering a copy of the summons and of the complaint to the individual personally; . . . leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; . . . [or] delivering a copy of each to an agent authorized by appointment or by law to receive service of process.'" *Haskins v. Moynihan*, 2010 WL 2691562, at *3 (D.Ariz. July 6, 2010) (citing Fed. R. Civ. P. 4(e)(2)). Service may be performed by "any person who is at least 18 years old and not a party." Fed.R.Civ.P. 4(c)(2). A plaintiff also has the option of serving an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed.R.Civ.P. 4(e)(1). "[T]wo or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal.App.4th 1387, 1391-92 (1992) (citations omitted); *See* Cal. Code Civ. P. § 415.20(b). To serve an individual defendant, California Code of Civil Procedure authorizes substitute service at the defendant's "usual place of business" on "a person apparently in charge." Cal. Code Civ. P. § 415.20(b). "A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *Securities And Exchange Commission v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-06981 WDK-PLA | Date | July 16, 2015 |
|---|---|---|---|
| Title | J & J SPORTS PRODUCTIONS, INC. V. MINA LIM, ET AL. | | |

The Court finds that the plaintiff's three attempts to serve defendant Lim are sufficient to meet the requirements of "reasonable diligence" to warrant substitute service. *See* Cal. Code Civ. P. § 415.20(b); *Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal.App.4th at 1391-92. Further, while the defendants state that, "[t]here are no one at Casa De Don Pedro by the name Danny Phoung," the Court finds that the plaintiff has met the service requirements of Rule 415.20 by serving "a person apparently in charge," instructing that person to deliver the documents to defendant Lim, and then subsequently mailing the documents to defendant Lim. C.C.P. § 415.20(b); *Proof of Service - Lim*. The declaration of Mina Lim in and of itself is insufficient evidence to overcome the strong presumption of valid service by the plaintiff. *See Securities And Exchange Commission v. Internet Solutions for Business, Inc.*, 509 F.3d at 1166; *see also Craigslist, Inc. v. Hubert,* 278 F.R.D. 510, 514 (N.D. Cal. 2011) ("a self-serving declaration is generally insufficient to defeat a signed returned of service").

With regards to the corporate defendant, as plaintiff correctly notes, there are several ways to properly serve a corporate defendant. Here, the plaintiff acted in accordance with Federal Rules of Civil Procedure 4(h) by electing to serve defendant Mina Lim, an officer of JJ Grand Vision Corporation. *See* Fed.R.Civ.P. 4(h)(B); Mina Lim Decl. ¶ 2. Further, as with the service of defendant Lim, the requirements for substitute service of the corporation were similarly met. *See Proof of Service - Corporation*.

For the reasons set forth by plaintiff, the Court DENIES the defendants' motion to dismiss the complaint due to improper service of process and deems that service was valid as to all defendants. *See* Fed.R.Civ.P. 12(b)(5).

**III.     SUFFICIENCY OF COMPLAINT UNDER RULE 12(b)(6)**

    **A.     LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-06981 WDK-PLA | Date | July 16, 2015 |
|---|---|---|---|
| Title | J & J SPORTS PRODUCTIONS, INC. V. MINA LIM, ET AL. | | |

not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Sprewell*, 266 F.3d at 988; *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

**B.   DISCUSSION**

**1)   Specificity of the Complaint**

The defendants argue that plaintiff fails to state claims upon which relief can be granted as to all of the alleged violations. *See* Mot. at 4-8. The defendants contend that the allegations are a formulaic recitation of the elements of the charges, that plaintiff fails to provide specific facts related to its claims, and makes conclusory allegations that do "nothing more than track the statutory text" which are "incomplete, vague, and speculative." *See Id*. at 5-8.

Plaintiff argues that it "has set out specific factual allegations that plausibly give rise to a claim for relief." Opp'n at 12, citing *Ashcroft*, 129 S. Ct. at 1949. The plaintiff points to examples of specific facts alleged in the complaint, such as the place of the violation, the date the violation occurred, the program intercepted, and "the specific responsibilities of the Defendants therefor." *Id*. citing Complaint at ¶¶ 19; 16; 7-14.

The Court agrees with the plaintiff and finds that it has alleged specific facts sufficient to support a reasonable inference that the defendants are liable for the alleged misconduct. *See Ashcroft* at 1949. Further, while the complaint does not contain facts specifying whether the defendants allegedly intercepted a cable transmission or a satellite transmission, plaintiff pleads the section 605 and section 553 claims in the alternative, alleging that the interception was *either* via satellite or cable. The Federal Rules of Civil Procedure authorize such alternative claims. *See* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). Accordingly, the Court declines to dismiss the complaint under this theory.

**2)   Plaintiff's First and Second Claims**

Plaintiff's first claim is for violation of 47 U.S.C. § 605, which prohibits the unauthorized interception and publication or use of radio communications, including satellite broadcasts. Compl. at ¶¶ 15-24. To state a claim under 47 U.S.C. § 605, plaintiff must allege that defendants "(1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff." *California Satellite Sys. v. Seimon*, 767 F.2d 1364, 1366 (9th Cir. 1985). Plaintiff's second claim is for violation of 47 U.S.C. § 553, which prohibits unauthorized interception of cable communications. Compl. at ¶¶ 25-29. Specifically, section 553 prohibits a person from "intercept[ing or receiv[ing] or assist[ing] in intercepting or receiving any communications service offered over a cable system."

**A.   Claims Against Defendant Mina Lim in her Individual Capacity.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-06981 WDK-PLA | Date | July 16, 2015 |
|---|---|---|---|
| Title | J & J SPORTS PRODUCTIONS, INC. V. MINA LIM, ET AL. | | |

Defendants argue that the plaintiff has failed to state a claim against defendant Mina Lim in her individual capacity. Mot. at 8-9.

As the defendants correctly assert, in order to establish liability for an individual defendant under Sections 553 and 605, the plaintiff must sufficiently allege that, "(1) the individual had a right and ability to supervise the infringing activities and (2) had an obvious and direct financial interest in those activities." *J&J Sports Productions, Inc. v. Walia*, 2011 U.S.Dist. LEXIS 26316, *8-9 (N.D.Cal. March 14, 2011). Further, "[c]orporate officers, shareholders and employees have the right and ability to supervise a corporation's infringing activities when they are 'a moving active conscious force behind the corporation's infringement.'" *Netbula, LLC v. Chordiant Software, Inc.,* 2009 U.S. Dist. LEXIS 25372, *9 (N.D.Cal. March 20, 2009) (citing *Novell, Inc. v. Unicom Sales, Inc.,* 2004 WL 1839117, *17 (N.D.Cal. August 17, 2004).) Allegations of "the mere right and ability to supervise the corporation's conduct generally" are insufficient to establish individual liability. *Id.* Instead, "[a] plaintiff must allege that the defendant had supervisory power over the infringing conduct itself." *Id.* at *9-10.

Plaintiff contends that it has sufficiently stated its claims against defendant Lim and cites to several allegations contained in the complaint in support of this argument. Opp'n at 14-15 citing Compl. at ¶¶ 7-13. Plaintiff alleges, *inter alia*, that defendant Mina Lim is "an officer of JJ Grand Vision Corporation, which owns and operates the commercial establishment doing business as Casa De Don Pedro." Opp'n at 14 quoting Compl. at ¶ 7. Plaintiff further alleges that defendant Mina Lim "is the individual specifically identified on the California Alcoholic Beverage and Control license issued for Casa De Don Pedro (ABC #512813)." *Id.* quoting Compl. at 8. The complaint alleges that, "on September 14, 2013 (the night of the *Program* at issue herein. . .), Defendant Mina Lin [sic] had the right and ability to supervise the activities of Casa De Don Pedro, which included the unlawful interception of Plaintiff's *Program*. Opp'n at 14 quoting Compl. at ¶ 9. The complaint further alleges that:

> [O]n September 14, 2013 (the night of the *Program* at issue herein. . .), Defendant Mina Lin [sic], as an individual specifically identified as the owner of Casa De Don Pedro, had the obligation to supervise the activities of Casa De Don Pedro, which included the unlawful interception of Plaintiff's *Program*, and, among other responsibilities, had the obligation to ensure that the liquor license was not used in violation of the law. Opp'n at 14-15 quoting Compl. at ¶ 10.

Further, plaintiff alleges that:

> [O]n September 14, 2013 (the night of the *Program* at issue herein. . .), Defendant Mina Lin [sic] specifically directed the employees of Casa De Don Pedro to unlawfully intercept and broadcast Plaintiff's *Program* at Casa De Don Pedro or that the actions of the employees of Casa De Don Pedro are directly imputable to Defendant[] Mina Lin

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-06981 WDK-PLA | Date | July 16, 2015 |
|---|---|---|---|
| Title | J & J SPORTS PRODUCTIONS, INC. V. MINA LIM, ET AL. | | |

[sic] by virtue of [her] acknowledged responsibility for the actions of Casa De Don Pedro. Opp'n at 15 quoting Compl. at ¶ 11.

Finally, plaintiff alleges that "the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendant Mina Lim resulted in increased profits for Casa De Don Pedro." *Id.* quoting Compl. at ¶ 13.

The Court finds that the plaintiff has articulated specific facts to show that the defendant Mina Lim had supervisory authority over the alleged interception and publication of the program at issue and an obvious and direct financial interest in those activities as required to establish individual liability. *Walia*, 2011 WL 902245, *11. Further, by alleging, *inter alia*, that defendant Mina Lim specifically directed the employees of Casa De Don Pedro to unlawfully intercept and broadcast the program at issue or that the employees' actions are directly imputable to defendant Lim, plaintiff has alleged sufficient facts to show that defendant Lim was "a moving active conscious force behind the corporation's infringement." *Netbula,* 2009 U.S. Dist. LEXIS 25372, *9. The Court finds that plaintiff's allegations are sufficient to state a claim upon which relief can be granted and concurs with the court in *J & J Sports Productions, Inc. v. Munguia* that "further factual information is likely ascertainable only through discovery." Case No. 2:12-cv-01961-SRB, *5 (D.Ariz. July 3, 2013) (Dkt. No. 26 at *5).

## B.     Relevance of Corporate Entity.

The defendants argue that the complaint improperly "seeks to pierce the corporate veil" and attempts to hold defendant Mina Lim "vicariously liable, *in her individual capacity*, for the alleged conduct of the corporate entity JJ GRAND VISION CORPORATION, d/b/a CASA DE DON PEDRO." Mot. at 2.

The plaintiff argues that "there is no rule that if there is a corporate entity, an individual may not be liable" and "[s]o long as Plaintiff establishes grounds for individual liability. . . its claims are validly stated." Opp'n at 19. The plaintiff cites to *J & J Sports Productions, Inc. v. Barksdale* to support its arguments. 2012 WL 1353903, *2-3 (E.D. Cal. April 13, 2012.) In *Barksdale* the court held that, "individual liability is possible even with the presence of a business entity defendant in the lawsuit, as long as the plaintiff can 'demonstrate that [the individual defendant] authorized the violations or had both a right and ability to supervise the violations and a strong financial interest in such activities.'" *Id.* at *3 quoting  *J & J Sports Productions, Inc. v. Betancourt*, 2009 WL 3416431, at *2 (S.D.Cal. Oct.20, 2009).

For the reasons stated by the plaintiff, the Court finds that the plaintiff has established sufficient grounds for individual liability by defendant Mina Lim notwithstanding the existence of a corporate entity in the lawsuit.

## 3)     Plaintiff's Third Claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-06981 WDK-PLA | Date | July 16, 2015 |
|---|---|---|---|
| Title | J & J SPORTS PRODUCTIONS, INC. V. MINA LIM, ET AL. | | |

Plaintiff's third claim alleges that defendants committed the tort of conversion.  Compl. at ¶¶ 30-33.  To state a claim for the tort of conversion under California law, a plaintiff must allege: (1) ownership or right to possession of property; (2) defendant's wrongful disposition of the property right; and (3) damages.  *G.S. Rasmussen & Assoc., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 906 (9th Cir. 1992).

Under California law, an officer or director of a corporation is immune from torts committed by the corporation "unless he authorizes, directs, or in some meaningful sense actively participates in the wrongful conduct."  *Frances T. v. Green Owners Assoc.*, 42 Cal. 3d 490, 508 (1986).  Here, as discussed supra, plaintiff has presented sufficient facts to indicate that defendant Mina Lim authorized, directed, or actively participated in the conversion of plaintiff's property.  Accordingly, the Court declines to dismiss plaintiff's third claim.

**4)      Plaintiff's Fourth Claim**

Plaintiff's fourth claim is for violation of California Business and Professions Code § 17200, which prohibits "any unlawful, unfair or fraudulent business act or practice."  Compl. at ¶¶ 34-43; Cal. Bus. & Prof. Code § 17200 *et seq*.  By proscribing unlawful acts or practices, "[S]ection 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable."  *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Rel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1999) (internal citations omitted).

Defendants, adopting the reasoning used in *J&J Sports Productions, Inc. v. Walia,* argue that the plaintiff's UCL claim should be dismissed as there is "no predicate liability against the individual defendants from which liability under the UCL could spring."  Mot. at 11 citing *Walia*, 2011 WL 902245, *6.  As previously discussed, the Court finds that plaintiff has sufficiently pled violations of 47 U.S.C. §§ 605 and 553 to support its UCL claim.  Accordingly, the Court declines to dismiss plaintiff's fourth claim.

**IV.      CONCLUSION**

In accordance with the foregoing, the Court DENIES the defendants' motion to dismiss.  The defendants are ordered to file their answer by August 17, 2015.

IT IS SO ORDERED.

_____     :     _____

Initials of Preparer          lk